UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RIVER SERVICES CO. LLC ET AL.                CIVIL ACTION

VERSUS                                        NO: 17-2691

STEPHEN PEER ET AL.                           SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 2). For the following reasons, the Motion is GRANTED.

## BACKGROUND

On March 30, 2017, Plaintiffs River Services Co. LLC, Budwine & Associates, LLC, Neptune Diving, LLC, and Natures Escape, LLC moved for a temporary restraining order against Defendants Stephen Peer and Peer Partners Interactive, LLC. Plaintiffs allege that Defendants, their former website support company and its owner, have refused to turn over control of certain domain names, websites, social media accounts, and email services associated with Plaintiffs (collectively, "websites") after Plaintiffs decided to terminate Defendants' services. Defendants purportedly claimed that they are

owed an additional amount for their services and refused to turn over the information required to transfer control of the websites until such was paid. Defendants also threatened to terminate Plaintiffs' website services on March 31, 2017 at midnight.

On March 31, this Court entered a temporary restraining order prohibiting Defendants from changing, terminating, or otherwise interfering with the service of Plaintiffs' websites. A preliminary injunction hearing was held on April 19 during which Plaintiffs sought an order requiring Defendants to transfer control over its websites and take all necessary actions required to effectuate such a transfer without interruption to Plaintiffs' services.

At the preliminary injunction hearing, however, it was revealed to the Court that Defendants have not yet been served. Plaintiffs contend that service was attempted on Defendants' known addresses on three different occasions to no avail. They also contend that this Court's orders were emailed and texted to Defendants both by Plaintiffs and by the Clerk of Court. Plaintiffs argue that Defendants have received adequate notice of their motion for preliminary injunction and the hearing date and have chosen not to respond or participate. Plaintiffs contend that despite the lack of service they are entitled to a preliminary injunction either because (1) adequate notice was received, or (2) the Anticybersquatting Consumer Protection Act authorizes an in rem civil action against a domain name when a defendant cannot be found. Because this Court ultimately holds that Defendants received actual notice, it need not address Plaintiffs' second argument.

## LEGAL STANDARD

An applicant for preliminary injunctive relief must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest.[8] A preliminary injunction is an extraordinary remedy.[9] Accordingly, a preliminary injunction should only be granted when the party seeking it has clearly carried the burden of persuasion on all four requirements.[10] In the end, a preliminary injunction is treated as an exception rather than the rule.[11]

## LAW AND ANALYSIS

### A. Notice Required for Issuance of Preliminary Injunction

Federal Rule of Civil Procedure 65(a) requires that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiffs argue that "notice" does not require service of process. This Court agrees. "Rule 65(a) does not specify the particular type of notice required in order properly to bring defendants in an injunction proceeding before the trial court."[12] The Fifth Circuit has held that "[t]he Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard

---

[8] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003).
[9] *Miss. Power & Light Co. v. United Gas Pipe Line*, Co., 760 F.2d 618, 621 (5th Cir. 1985).
[10] *Id.*
[11] *St. of Tex. v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975).
[12] *Plaquemines Par. Sch. Bd. v. United States*, 415 F.2d 817, 824 (5th Cir. 1969).

and to present evidence."[13] "The sufficiency of the written and actual notice is a matter for the trial court's discretion."[14]

Plaintiffs present evidence showing that Defendants received actual notice of the Complaint, Temporary Restraining Order, Motion for Preliminary Injunction, and hearing date. Plaintiffs show that as recently as March 30, 2017, Defendants used the email address stevepeer@peerpartners.com to communicate with Plaintiffs. Plaintiffs sent copies of its pleadings and the orders of the Court to this address from March 30 to April 5. Counsel for Plaintiffs received notification that his emails were received. On April 4, 2017, the Clerk of Court also used this email address to provide Defendants with notice of this Court's order setting a preliminary injunction hearing.

Plaintiffs also show that they have attempted to call and text Defendants to no avail. Plaintiffs show that while Defendant failed to respond to a picture of the temporary restraining order that was texted to him, he responded to another text message sent from a different number thereafter.

In light of Plaintiffs' showing, this Court finds that Defendants received actual notice of Plaintiffs' Motion for Preliminary Injunction and the hearing date.[15] Until the filing of this lawsuit, Defendants were communicating with

---

[13] *Harris Cty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 325 (5th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, Local No. 70, 415 U.S. 423, 434 n. 7 (1974); *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 130 (5th Cir. 1990); *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("We have interpreted the notice requirement of Rule 65(a)(1) to mean that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.").

[14] *Plaquemines Par. Sch. Bd. v. United States*, 415 F.2d 817, 824 (5th Cir. 1969)

[15] *See Citizens Sav. Bank v. GLI Tech. Servs., Inc.*, No. 96-2307, 1996 WL 737008, at *3 (E.D. La. Dec. 23, 1996) (holding that defendant received notice in sufficient time to

Plaintiffs through the email address and phone number later used to give notice. It seems clear to this Court that Defendants chose not to participate in the preliminary injunction hearing and thus squandered the opportunity to be heard by this Court. Accordingly, this Court finds that actual notice was received in satisfaction of Rule 65(a).

## B. Preliminary Injunction

Having found that notice was proper, this Court now considers the merits of Plaintiffs' request for preliminary injunction. Each element is considered in turn.

*(1) Substantial likelihood of prevailing on the merits*

Plaintiffs have shown that they enlisted Defendants to provide administrative services over their domain names and other websites. Plaintiffs and Defendants had an oral agreement that was subject to termination at any time. Plaintiffs have shown that the domain names and websites at issue are owned by Plaintiffs and are vital to their operation. Defendants, however, listed themselves as the "Admin" and "Tech" contacts on these sites, giving them complete control over the domains. Plaintiffs sought to terminate the relationship in February 2017 and requested the transfer of control over the sites at that time. Plaintiffs have shown that Defendants refuse to transfer control over these websites. Accordingly, Plaintiffs have established a substantial likelihood of success on at least their breach of contract or breach of fiduciary duty claims against Defendants.

---

prepare for preliminary injunction hearing despite evading service until the day before the scheduled hearing).

*(2) Substantial threat that they will suffer irreparable harm if the injunction is not granted*

Plaintiffs have shown that they will suffer irreparable harm if an injunction is not issued. If Defendants are allowed to continue to hold their websites hostage and refuse to transfer control, Plaintiffs will suffer a disruption of business and customer relations. "A loss of a business['s] customers and damage to its goodwill are widely recognized as injuries incapable of ascertainment in monetary terms and may thus be irreparable."[16] Accordingly, this factor is satisfied.

*(3) Threatened injury outweighs the threatened harm to the party whom they seeks to enjoin*

This Court cannot identify any harm to Defendants that would result from the issuance of this injunction. While Defendants purportedly seek additional payment from Plaintiffs for their services, such can still be sought after control of the websites is transferred.

(4) *The preliminary injunction will not disserve the public interest*

An injunction requiring the transfer of Plaintiffs' websites will in no way disserve the public interest. Because of the type of services they provide, interruption to the business of Plaintiffs River Services and Neptune could disrupt maritime commerce. Accordingly, issuance of this injunction is in the public's interest.

Having found that Plaintiffs have shown that they are entitled to a preliminary injunction, the Court issues the following Order:

---

[16] *Union Nat. Life Ins. Co. v. Tillman*, 143 F. Supp. 2d 638, 645 (N.D. Miss. 2000).

**IT IS ORDERED** that Plaintiffs' Motion for Preliminary Injunction is **GRANTED** and a preliminary injunction shall issue immediately.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a security in the amount of $5,000 no later than April 26, 2017.

**IT IS FURTHER ORDERED** that Defendants Stephen Peer, individually, and Peer Partners Interactives, L.L.C., and those persons in active concert or participation with Defendants along or in association with any other person or entity are enjoined as follows:

(1) Defendants are enjoined and restrained from causing any change to Plaintiffs' domain registrations, any associated website or email services, or online accounts managed by Defendants, including for Facebook.com, except by written request from Plaintiffs (or Plaintiffs' counsel or designated service provider(s));

(2) Defendants (or the registrar of the domains) shall immediately transfer to Plaintiffs (or Plaintiffs designated service provider(s)) control over: the domain names riverservicescompany.com, budwineassociates.com, neptunedivingllc.com, and naturesescapespa.com; and all associated website and email services; and

(3) Defendants shall take all actions necessary to facilitate and effectuate such transfer without interruption to Plaintiffs' website and email services, including without limitation: (i) unlocking each domain name for transfer; (ii) providing all applicable authorization codes, including EPP keys; (iii) providing a copy of all MySQL WordPress database backups, including for riverservicescompany.com and neptunedivingllc.com; (iv) providing all applicable administrator WordPress credentials, including for

riverservicescompany.com and neptunedivingllc.com; (v) providing a website directory backup for each website; and (vi) providing Zone files for each website; and

(4) Defendants shall provide Plaintiffs with all usernames and passwords to all online accounts that Defendants managed on Plaintiffs' behalf, including Facebook.com, and shall not retain any administrative privileges or other access to such accounts.

**IT IS FURTHER ORDERED** that the Clerk of Court shall email a copy of this Order to Defendants at stevepeer@peerpartners.com.

New Orleans, Louisiana this 20th day of April, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**